```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


H. RAO, et al.,                  )
                                 )
        Plaintiffs,              )
v.                               )    CIVIL ACTION NO. 04-398
                                 )
H-QUOTIENT, et al.,              )
                                 )
        Defendants.              )
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff/Counterclaim Defendant H. Rao's ("Dr. Rao") Motion to Alter or Amend the Judgment and Plaintiffs Prithvi Rao ("Mrs. Rao"), Mohan Korrapati ("Mr. Korrapati"), Adrian Naylor, Srini Seetharam, Virgil Misenheimer, Virgil Misenheimer, Salis Group LLC, Charles Gunderson, Robert McEwan, and ALEA Group, LLC's (collectively, "shareholder plaintiffs") Motion to Alter or Amend Judgment.[1] Dr. Rao asks the Court to amend or alter its verdict awarding H-Quotient, Inc. ("HQ") $385,000 for breach of warranty, because, in his view, no evidence was presented at trial that Dr. Rao made explicit representations about IntelliServices or the IntelliServices product. The shareholder plaintiffs ask the Court to amend the judgment by restoring the conversion verdict

---

[1] These plaintiffs originally made a Motion to Alter or Amend Judgment, or Alternatively, for a New Trial, but subsequently withdrew their request for a new trial.

to them, because they assert that the defendants violated non-contractual duties.  The questions before the Court are whether it should alter or amend its judgment to accommodate an intervening change in the law, to account for new evidence, or to correct a clear error or prevent a manifest injustice (1) because the evidence at trial showed no representations or warranties made by Dr. Rao about the IntelliServices software, and (2) because the defendants breached non-contractual duties in committing conversion, allowing them to recover under *Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc.*, 504 S.E.2d 344, 347 (Va. 1998).  The Court denies Dr. Rao's motion because he demonstrates no intervening change in law, no new evidence, and no clear error or manifest injustice since Defendant Douglas Cohn ("Mr. Cohn") testified at trial about representations made to him about the IntelliServices product.  The Court grants the shareholder plaintiffs' (with the exception of Mr. Korrapati and Mrs. Rao) motion to amend or alter the judgment because, upon further review of the relevant law, the Court holds that the tort of conversion in this instance is based on non-contractual duties.  The Court denies the motion as to Mr. Korrapati because the jury awarded judgment to Mr. Cohn and HQ on this claim, and Mr. Korrapati has presented no argument about why the Court should disturb the jury's verdict in his favor.  The Court denies the motion as to Mrs. Rao because an action for conversion does

not lie for an unexpired option contract. *See Mullins v. Sutherland*, 109 S.E. 420, 423 (Va. 1921) (holding that no action for conversion lies when plaintiff has no right to demand immediate possession of the property).

## I. BACKGROUND

The Court granted Defendant HQ and Mr. Cohn's (collectively "Defendants") Motion for Judgment or, Alternatively, a New Trial by Memorandum Opinion dated April 20, 2005, including granting judgment to Defendants on the shareholder plaintiffs' conversion claim. The Court denied Dr. Rao's Motion for Judgment in the same Memorandum Opinion.[2]

The Court denied Dr. Rao's motion for judgment because it found that the defendants presented evidence which would allow a reasonable jury to return a verdict in favor of the defendants on the breach of warranty counterclaim. Mem. Op. at 4 (citing *Lovell v. BBNT Solutions, LLC*, 295 F.Supp.2d 611, 617 (E.D.Va. 2003)). The Court granted the defendants' motion for judgment as to the conversion claim because it held that, under Virginia law, both a breach of contract and a tort claim arising from the same event could not lie. Mem. Op. at 3, 13-15 (citing *Richmond Metro. Auth.*, 507 S.E.2d at 347). It cited Paragraph 55 of the

---

[2] For a summary of the jury's verdict, see the Court's Memorandum Opinion dated April 20, 2005.

plaintiffs' complaint alleging that HQ "deprived them [the shareholders] of their property rights *under the Agreement* and converted those shares to its own use." Second Am. Compl. ¶ 55. As stated in the Court's Memorandum Opinion, Virginia law does not allow for both contract and tort claims arising from the same event to lie unless "the duty tortiously or negligently breached...[is] a common law duty, not one existing between the parties solely by virtue of the contract." *Richmond Metro. Auth.*, 507 S.E.2d at 347. Because it appeared to the Court, from the face of the complaint, that the plaintiffs explicitly based their tort claim on the December 2002 purchase agreement, it held their tort claim could not lie under Virginia law.

Dr. Rao now moves the Court to alter or amend its verdict because, in his view, no evidence was presented at trial that he made representations to Mr. Cohn about the status of IntelliServices or IntelliServices products. The shareholder plaintiffs argue that the Court should amend its verdict to allow them to recover what the jury awarded them on their conversion claims. In support of their position, the plaintiffs assert that they introduced evidence at trial that the defendants converted their property "through breach of common law duties irrespective of any contract." Shareholder Pls.' Brief Supp. Mot. Alter Amend J. (hereinafter "Shareholders' Brief No. 1") at 5. They point to various press releases issued by HQ announcing the acquisition of

4

IntelliServices, Inc., as well as Mr. Cohn's answer to the Second Amended Complaint, stating that "Defendant Cohn admits that defendant HQNT acquired all of the outstanding stock of IntelliServices, Inc." *Id.* at 6. They argue that the defendants breached the "duty to refrain from making misrepresentations in an effort to procure a contract." *Id.* at 7 (citing *Genito Glenn, L.P. v. Nat'l Housing Building Corp.*, 50 Va. Cir. 71, 84 (1999)). In addition, they assert that HQ violated its fiduciary duties of good faith in dealing with its shareholders. *Id.* (citing *Adelman v. Conotti Corp.*, 215 Va. 782 (1975)). Finally, they argue that corporations breach non-contractual duties when they refuse to deliver stock to their shareholders and that the remedy for failure to deliver is not limited to breach of contract. *Id.* (citing 22 A.L.R. 2d § 11 "Remedy for Refusal of Corporation or its Agent to Register or Effectuate Transfer of Stock" (2004)).

## II. DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 59(e) states that any motion to alter or amend a judgment may be filed within ten days after entry of judgment. FED. R. CIV. P. 59(e). Rule 59(e) allows a court to amend a judgment within ten days for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Equal Employment Opportunity Comm'n v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

**B. Analysis**

*Dr. Rao's Motion*

The Court denies Dr. Rao's motion because he shows no intervening change of law, no new evidence and no clear error of law or manifest injustice in the Court's decision. *See* FED. R. CIV. P. 59(e); *Hutchinson*, 994 F.2d at 1081. Instead, he merely rehashes the same argument he made in his motion for judgment – that the defense presented no evidence that Dr. Rao made misrepresentations to Mr. Douglas Cohn ("Mr. Cohn") about the status of the IntelliServices product. Mr. Cohn testified, however, that IntelliServices was "presented... as a going concern, a company that had customers, that had employees, that had an office. It had software that had been written up in publications, that it, that this was something that was an important entity that could go somewhere." Feb. 17, 2005, Cohn Test. Tr. at 27. In addition, Mr. Cohn testified that he was told that the "product was already set to go. The product was being used by Dr. Rao, that the product was just on the verge of

6

going into Medical College of Virginia, that it was a completed product..." *Id.* at 34-35.  Consequently, because Dr. Rao shows no clear error, manifest injustice, intervening change of law, or new evidence, his motion to alter or amend the judgment is denied.

*Shareholder Plaintiffs' Motion*

   *Shareholders Except Mrs. Rao and Mr. Korrapati*

The Court grants the shareholder plaintiffs' motion to amend or alter the verdict to correct a clear error of law as to all the shareholder plaintiffs[3] except Mrs. Rao and Mr. Korrapati because their conversion claims are separate and distinct from the breach of contract claims.  It is well established under Virginia law, that tort and contract claims arising from the same event cannot both lie unless "the duty tortiously or negligently breached...[is] a common law duty, not one existing between the parties solely by virtue of the contract."  *McDevitt*, 507 S.E.2d at 347 (citations omitted).  To determine whether a claim sounds in contract or tort, Virginia courts look to the source of the duty violated.  *Id.*  The Virginia Supreme Court has provided the following guidance in distinguishing between the two:

---

[3] That is, the jury's verdict on the conversion claim should be reinstated as to Adrian Naylor, Srini Seetharam, Virgil Misenheimer, Virgil Misenheimer, Salis Group LLC, Charles Gunderson, Robert McEwan, and ALEA Group, LLC.

> If the cause of complaint be an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract and not upon tort.  If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship irrespective of the contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Id.* (citing *Oleyar v. Kerr Trustee*, 225 S.E.2d 398, 399-400 (1976) (quoting Burks Pleading and Practice § 234 at 406 (4th ed. 1952))).

The conversion claims at issue are distinct from the breach of contract claims.  First, the jury did not rely on contractual duties in arriving at their verdict on conversion.  Instead they found *for the defendants* on the breach of contract claim, meaning that the possible existence of a contract between Dr. Rao, Mrs. Rao, Mr. Korrapati, and HQ had no bearing on their conversion verdict.  Second,

> [i]t has frequently been held or recognized that the common-law action of trover, or its modern counterpart designated as an action for conversion, or as an action for damages as for a  conversion, will lie on behalf of a transferee of shares of corporate stock to recover damages from the issuing corporation because of its wrongful refusal to register or otherwise effectuate a valid transfer of such stock from its prior owner to the plaintiff, the underlying theory of the action being that the corporation, by so refusing to register or otherwise effectuate the transfer, has wrongfully exercised dominion over and thereby converted plaintiff's stock.

22 A.L.R. 2d § 11; *see also Virginia Public Service Co. v. Steindler*, 187 S.E. 353, 355 (Va. 1936) (citations omitted)

8

(explaining that a stockholder seeking registration of a stock certificate or issuance of a new certificate may "treat the refusal to transfer the shares as a conversion and sue the corporation for their value either in trover or in an action of assumpsit, or in an action on the case, or he may compel the corporation to register the transfer by a suit in equity").  In other words, failure to transfer stock to a transferee is a violation of a common-law duty separate and apart from any contractual duty, particularly when the transferees did not sign the contract.  The plaintiffs' analogy about a merger between Microsoft and IBM is instructive: if Microsoft and IBM merged and all former IBM shareholders became Microsoft shareholders, and then Microsoft refused to issue its stock to these shareholders, they are not limited to contractual remedies to recover the value of their stock.  Corporate executives' decisions and agreements do not bind the hands of shareholders with breach of contract claims; rather, they may pursue conversion claims.  *See* Shareholder Pls.' Reply Brief at 3; *see also Steindler*, 187 S.E. at 355 (holding that a refusal to comply with a stockholder's demand for registration or issuance of stock "gives him the choice of remedies, legal and equitable").  Because the conversion claim at issue is separate and distinct from the breach of contract claim, the Court grants these shareholder plaintiffs' motion to alter or amend the judgment.  The Court

vacates its judgment as to the conversion claim for these plaintiffs.

*Mr. Korrapati and Mrs. Rao*

The jury found for the defendants on Mr. Korrapati's claim for conversion, and he presents no argument specifically about his unique situation, so the Court will not upset the jury's verdict as to Mr. Korrapati. The Court denies the motion as to Mrs. Rao because after January 2003, she owned no shares, but rather unexercised HQ options that had not yet expired, and a plaintiff cannot sue for conversion "where the plaintiff's title consisted only in the right at some future time to acquire shares by purchase." 11 FLETCHER CYCLOPEDIA OF PRIVATE CORP. § 5114 (2004); 19 MICHIE'S JURISP. Trover and Conversion § 3 (2004) ("...to maintain an action for trover and conversion the plaintiff must have a property in and be entitled to the immediate possession of the thing alleged to have been wrongfully converted"); *Mullins*, 109 S.E. at 423 (holding that no action for conversion lies when a plaintiff has no right to demand immediate possession of the property).

### III. CONCLUSION

The Court denies Dr. Rao's motion because he demonstrates no intervening change in law, no new evidence, and no clear error or

manifest injustice since Mr. Cohn testified at trial about representations made to him about the IntelliServices product. The Court grants the shareholder plaintiffs' (with the exception of Mr. Korrapati and Mrs. Rao) motion to amend or alter the judgment because, upon further review of the relevant law and Plaintiffs' argument, the Court holds that the tort of conversion in this instance is based on non-contractual duties.  The Court denies the motion as to Mr. Korrapati because the jury awarded judgment to Mr. Cohn and HQ on this claim, and Mr. Korrapati has presented no argument about why the Court should disturb the jury's verdict in his favor.  The Court denies the motion as to Mrs. Rao because an action for conversion does not lie for an unexpired option contract.  *See Mullins*, 109 S.E. at 423.

For the foregoing reasons, it is hereby

ORDERED that Plaintiff/Counterclaim Defendant H. Rao's Motion to Alter or Amend Judgment is DENIED;

ORDERED that Plaintiffs Mohan Korrapati and Prithvi Rao's Motion to Alter or Amend Judgment is DENIED;

ORDERED that Plaintiffs Adrian Naylor, Srini Seetharam, Anna Jones, Virgil Meisenheimer, Salis Group LLC, Charles Gunderson, Robert McEwan and Alea Group LLC's Motion to Alter or Amend Judgment is GRANTED.  The Court vacates its Memorandum Opinion of April 20, 2005, as to these plaintiffs and reinstates the jury's verdict on the conversion claim.

In light of the Court's decision to reinstate the jury's verdict as to these plaintiffs' conversion claim, the Court invites defendants to brief the matter of why punitive damages should not also be reinstated.  Defendants are directed to file a briefing on this matter by noon on July 19, 2005.  Plaintiffs are directed to file an opposition by noon on July 26, 2005.  All parties are instructed to send two courtesy copies to chambers.  Oral argument, if the Court decides it is necessary, will be heard on Friday, July 29, 2005.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __11th___ day of July, 2005.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
7/11/05